**UNITED STATES GYPSUM CO. et.al. v.**
**SOUTHERN PINE LUMBER CO.**
**et al.**

**No. 9623.**

Court of Civil Appeals of Texas. San
Antonio.

June 26, 1935.

Rehearing Denied July 17, 1935.

Ralph A. Dunkelberg, of Brownsville,
for appellants.

Abney & Whitelaw, of Brownsville, for
appellees.

MURRAY, Justice.

Appellees, Southern Pine Lumber Company and J. T. Ellis, Jr., as trustee, instituted this suit on November 4, 1932, against Glenn C. Farris, his wife, Madge Farris, and others, seeking to recover upon one certain note in the sum of $4,000, together with the foreclosure of a deed of trust lien on certain real property given to secure the payment of said note.

Glenn C. Farris, his wife, and Farris Lumber Company, on December 21, 1932, filed an answer setting up, among other things, that the Southern Pine Lumber Company had theretofore, on August 29, 1931, made the following offer in writing to Glenn C. Farris and Farris Lumber Company, to wit:

"We have the following plan to offer:

"If you can arrange with your other creditors for a twelve months extension on what you owe them and can arrange with your Father to surrender to you the capital stock of the Company, we will take an interest in your business to cover the amount owing us, provided you will convey to the Company all of your personal property exclusive of your home, made subject only to the present indebtedness standing against it, in which event we will of course release the mortgages we now hold.

"This we think would put Farris Lumber Company in a sound condition making all creditors entirely safe, but unless this plan can be put through, we see no course open except to demand payment of what is owing us and failing to receive it, institute foreclosure proceedings on our mortgages."

They alleged that they had done all they were required to do under such proposed contract, and that Glenn C. Farris and Farris Lumber Company tender full performance of the contract.

Thereafter, on February 14, 1933, the United States Gypsum Company intervened in the cause, alleging that it was the holder of a note in the principal sum of $1,800, signed by Farris Lumber Company, and indorsed by Glenn C. Farris, dated June 20, 1930, and due thirty days after date.

It further alleged that the Southern Pine Lumber Company and Glenn C. Farris and Farris Lumber Company had an accord and satisfaction, or compromise and settlement, whereby the Southern Pine Lumber Company had agreed to accept stock in the Farris Lumber Company in full satisfaction of its account against Glenn C. Farris and, the Farris Lumber Company, and were not, therefore, entitled to judgment on the note sued upon nor foreclosure on the deed of trust lien securing the same.

The interest of the United States Gypsum Company in this matter was alleged to be that Glenn C. Farris and Farris Lumber Company were both insolvent, and, should Southern Pine Lumber Company be permitted to foreclose its mortgage, the assets from which other creditors were expected to collect their claims would be greatly reduced.

On June 19, 1933, Ralph A. Dunkelberg also intervened in this cause, alleging that, by deed of assignment dated May 2, 1933, the Farris Lumber Company had assigned to him, as trustee, for the benefit of creditors, all of the real and personal property of Farris Lumber Company, and that his interest in this suit is on behalf of the creditors of the Farris Lumber Company. His intervention was based substantially upon the same allegations as are contained in the intervention of the United States Gypsum Company.

The trial was to a jury. After both sides had rested, the trial judge instructed the jury to return a verdict for Southern Pine Lumber Company against Glenn C. Farris and Farris Lumber Company for the full amount due on the note sued on, together with a foreclosure of the deed of trust lien, and to deny any relief to interveners.

No appeal was taken by either Glenn C. Farris or Farris Lumber Company. United States Gypsum Company and Ralph A. Dunkelberg, as trustee, present this appeal.

It appears that appellants, not being parties to the note and mortgage sued on herein, necessarily must base their cause of action upon estoppel. The evidence fully establishes the fact that this proposed settlement between appellee Southern Pine Lumber Company and Glenn C. Farris was never consummated. Farris offers, in his pleading, to perform his part of this proposed settlement. However, at the time of the trial nearly three years had elapsed since the making of the offer and the Farris Lumber Company had become insolvent and had ceased to be a going concern.

The record in this case affirmatively shows that Farris was never in a position to perform his part of the proposed settlement, in that the United States Gypsum Company only accepted a note due in thirty days, and did not grant the twelve months' extension which Farris was obligated to secure before he would be in a position to call upon appellee to perform its part of the agreement.

Regardless of whether or not the suggested plan contained in the letter of August 29, 1931, was a binding contract, we conclude that the trial judge properly instructed a verdict against appellants. They were seeking equitable relief upon the grounds of estoppel. They offered no evidence to show that as a result of this letter of August 29, 1931, they had acted to their injury. Furthermore, they fail to show that they did not have an adequate remedy at law. There is no allegation or proof that the Southern Pine Lumber Company is not able to respond in damages. If appellants have been damaged as a result of this letter, they would have a full, complete, and adequate remedy at law by a direct suit for damages against appellee.

The failure of appellants to allege and prove that they have acted to their injury as a result of the conduct of appellee, and their further failure to allege and prove that Southern Pine Lumber Company was not able to respond in damages for any and all loss which appellants may have sustained as a result of this letter of August 29, 1931, precludes appellants from securing the equitable relief which they here seek.

Accordingly, the judgment of the trial court will be in all things affirmed.